Oralia ESCAMILLA, Plaintiff,

v.

UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION AFL–CIO, CLC, Local # 514T, and Ethicon, Inc., Defendants.

No. CIV.A.6:01–CV–011–C.

United States District Court,
N.D. Texas,
San Angelo Division.

April 1, 2002.

Allen R Stroder, Attorney at Law, Hirsch & Stroder, Odessa, TX, for Oralia Escamilla, plaintiffs.

James Lowery Hicks, Jr, Attorney at Law, Hicks & Associates, Dallas, TX, for Ethicon Inc., defendant.

Bennett W Cervin, Attorney at Law, Thompson & Knight, for United Food and Commercial Workers International Union AFL–CIO CLC Local # 514T, defendant.

## ORDER

CUMMINGS, District Judge.

On this date the Court considered Defendants' Motion for Summary Judgment filed by United Food & Commercial Workers International Union, AFL–CIO,

CLC, Local 514T ("Union") and Ethicon, Inc. ("Ethicon") on February 15, 2002. Oralia Escamilla ("Plaintiff") filed Plaintiff's Response to Defendants' Motion for Summary Judgment on March 7, 2002. Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment was filed on March 18, 2002. After considering all the relevant arguments and evidence, this Court GRANTS Defendants' Motion for Summary Judgment.

## I.

### FACTUAL BACKGROUND

Plaintiff is an employee of Ethicon at their San Angelo Division. Plaintiff has been employed by Ethicon since May of 1977. There is a collective bargaining agreement between the Union and Ethicon. Prior to and during October 1999, Plaintiff worked in the Heat Treat job group. During October 1999, Plaintiff was "cut back" and transferred to the sutures department. Under the collective bargaining agreement, Ethicon "cuts back" employees based on seniority. When Ethicon determines that a "cut back" is necessary, the least senior employee is "cut back" first. An employee who is "cut back" may bid for an open position at the San Angelo facility, be transferred by Ethicon to another open position, or bump the least-senior member in the facility. Additionally, "cut back" employees also have "recall" rights to their former job for six months from the date of the "cut back."

Plaintiff, who is represented by the Union, filed a grievance requesting "recall" rights under the collective bargaining agreement. The Union pursued the grievance on Plaintiff's behalf and exhausted the grievance procedures through Steps One, Two, and Three. Ethicon ultimately offered a settlement of $500 and an extension of Plaintiff's "recall" rights. The Union elected to accept this offer and refused to carry Plaintiff's grievance to Step Four,

arbitration. On February 6, 2001, Plaintiff filed this suit alleging that the Union breached its duty of fair representation by failing to adequately investigate, process, and present her grievance and that Ethicon breached the agreement by depriving her of her "recall" rights.

## II.

### STANDARD

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (internal quotations omitted). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 248, 106 S.Ct. 2505. In making its determination, the court must draw all justifiable inferences in favor of the non-moving party. *Id.* at 255, 106 S.Ct. 2505. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the non-movant must come forward, after adequate time for discovery, with significant probative evidence showing a triable issue of fact. FED. R. CIV. P. 56(e); *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir.1990). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation are not adequate substitutes for specific facts showing that there is a genuine issue for trial. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d

1415, 1428 (5th Cir.1996) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993). To defeat a properly supported motion for summary judgment, the non-movant must present more than a mere scintilla of evidence. *See Anderson*, 477 U.S. at 251, 106 S.Ct. 2505. Rather, the non-movant must present sufficient evidence upon which a jury could reasonably find in the non-movant's favor. *Id.*

## III.

## DISCUSSION

Section 301 of the Labor Management Relations Act provides for suits in the district courts for violation of collective-bargaining contracts between labor organizations and employers without regard to the amount in controversy. 29 U.S.C. § 185(a). A section 301 breach of contract and fair representation suit comprises two distinct causes of action, one against the employer and one against the union. Section 301 provides an employee with a federal cause of action against his employer for breach of the collective bargaining agreement. The suit against the union for breach of the duty of fair representation is implied under the scheme of the National Labor Relations Act. *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The two causes of action are "inextricably interdependent," and have come to be known as a hybrid section 301 duty of fair representation suit. *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981).

■ If the arbitration and grievance procedure is the exclusive and final remedy for breach of the collective bargaining agreement, the employee may not sue his employer under section 301 until he has exhausted the procedure. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). Moreover, he is bound by the procedure's result unless

he proves the union breached its duty of fair representation. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). Therefore, the "indispensable predicate" for a section 301 action is a fair representation claim against the union. *See Mitchell*, 451 U.S. at 62, 101 S.Ct. 1559. A hybrid section 301 fair representation suit is essentially brought to set aside "a final and binding determination of a grievance, arrived at through the collectively bargained method of resolving the grievance." *Mitchell*, 451 U.S. at 67, 101 S.Ct. 1559.

■ A union must represent all employees fairly in its enforcement of a collective bargaining agreement. This duty of fair representation stands "as a bulwark to prevent arbitrary union conduct against individuals stripped of traditional forms of redress by the provisions of federal labor law." *Vaca v. Sipes*, 386 U.S. 171, 182, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). However, the union does retain considerable discretion in processing the grievance of its members. *Cox v. C.H. Masland & Sons*, 607 F.2d 138, 142 (5th Cir.1979). An employee does not have an absolute right to have his grievance taken to arbitration, or to any other level of the grievance process. *Vaca*, 386 U.S. at 191, 87 S.Ct. 903. The breach of the duty of fair representation instead occurs "only when the union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca*, 386 U.S. at 190, 87 S.Ct. 903.

■ A union may not "arbitrarily ignore a meritorious grievance or process it in perfunctory fashion." *Vaca*, 386 U.S. at 191, 87 S.Ct. 903. Accordingly, the duty of fair representation imposes an obligation for a union to investigate a grievance in good faith and to prosecute grievances "with reasonable diligence unless it decided in good faith that the grievance lacked

merit or for some other reason should not be pursued." *Hammons v. Adams,* 783 F.2d 597, 602 (5th Cir.1986). A union does not breach its duty of fair representation, however, through simple negligence or a mistake in judgment. *Vaca,* 386 U.S. at 192–93, 87 S.Ct. 903. The critical question is whether a union's conduct was arbitrary, discriminatory, or in bad faith, so that it undermined the fairness or integrity of the grievance process. *Hines,* 424 U.S. at 567–69, 96 S.Ct. 1048.

■ Plaintiff claims that the Union breached its duty of fair representation and that Ethicon breached the collective bargaining agreement by failing to "recall" her to the Heat Treat job group. In order to prevail, Plaintiff must establish that 1) she exhausted her remedies under the applicable collective bargaining agreement; 2) the Union breached its duty of fair representation; and 3) Ethicon breached the collective bargaining agreement. *Del-Costello v. Teamsters,* 462 U.S. 151, 166, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The collective bargaining agreement between Ethicon and the Union contains grievance, arbitration, and exclusive-remedy provisions. Under the terms of the collective bargaining agreement, employees must first present grievances to Ethicon for resolution, "Step One." If the employee is unsatisfied with the response from Ethicon, then the employee may submit a written grievance to the Union, "Step Two." If a satisfactory agreement cannot be reached, a "Step Three" meeting is held between Ethicon, the employee, and Union. If no settlement is reached at "Step Three," then the grievance proceeds to "Step Four" and may be arbitrated.

Plaintiff filed her "Step One" grievance and the grievance was denied. On March 14, 2000, the Union and Plaintiff filed a "Step Two" grievance requesting Plaintiff be "recalled" to work in the Heat Treat job group. The Union and Plaintiff were concerned that another employee had been transferred to the Heat Treat job group while Plaintiff had not been recalled to that job group. On March 22, 2000, Ethicon denied Plaintiff's request stating that in order to be recalled, a permanent need in the Heat Treat job group must be available. Ethicon stated that no permanent need existed in the Heat Treat job group. Regarding the transferred employee, that employee was cut back from his department and was temporarily moved to the Heat Treat job group as there were no open jobs to place him in.

On April 28, 2000, a "Step Three" meeting was held to discuss the resolution of Plaintiff's grievance. At the meeting, Plaintiff requested to be recalled to her position in the Heat Treat job group and back pay for the period of time that she worked in the Needles job group. On May 3, 2000, Ethicon submitted its answer to the "Step Three" meeting. Ethicon's position was that there was insufficient work in the Heat Treat job group to justify adding a full-time position to the group. Ethicon stated that the employee who was transferred to the Heat Treat job group was only temporarily transferred. Ethicon denied Plaintiff's request for back pay but would extend Plaintiff's recall rights until October 31, 2000. Ethicon could recall Plaintiff immediately and then cut her due to lack of work in the Heat Treat job group.

On May 13, 2000, Plaintiff's grievance was presented to Union membership for consideration of arbitration. The Union members present agreed to pursue Plaintiff's grievance to arbitration. On July 25, 2000, the Union president conferred with Ethicon regarding Plaintiff's grievance and the avoidance of arbitration. On August 1, 2000, Ethicon submitted its "Step Three" Addendum extending her recall rights to the Heat Treat job group until December

31, 2000, and a lump sum of five hundred dollars. Plaintiff rejected Ethicon's offer. On September 9, 2000, Ethicon's offer to Plaintiff was read aloud at a Union meeting. Plaintiff and the Union members present at the meeting voted to accept Ethicon's offer and voted against submitting Plaintiff's grievance to arbitration. The Union also contacted its attorney in an attempt to determine the probability of winning versus Ethicon's offer to settle. On September 11, 2000, the Union informed Ethicon that it had agreed to resolve Plaintiff's grievance by accepting Ethicon's offer to settle.

 Plaintiff contends that the Union breached its duty of fair representation by arbitrarily ignoring her meritorious grievance. It is clear that Plaintiff exhausted her remedies under the collective bargaining agreement. However, even when the evidence is considered in the light most favorable to Plaintiff, it is not sufficient to support a conclusion that the union breached its duty of fair representation. Although the Union did not pursue Plaintiff's grievance to arbitration, "a union may refuse to process a grievance or handle the grievance in a particular manner for a multitude of reasons," so long as a union acts in good faith and there is some nonarbitrary basis for its decision. *Landry v. The Cooper/T. Smith Stevedoring Co., Inc.*, 880 F.2d 846, 854 (5th Cir. 1989). The decision not to arbitrate the grievance on its merits was clearly within the union's discretion. *Vaca*, 386 U.S. at 191–95, 87 S.Ct. 903. The insufficiency of evidence to support Plaintiff's contention that the Union did breach its duty of fair representation becomes even more apparent when the evidence regarding the actions the Union did take to prosecute Plaintiff's grievance are examined. In conclusion, the evidence conclusively established that Union diligently pursued Plaintiff's grievance. The evidence in support of Plaintiff's claim does not indicate any arbitrary, discriminatory, or bad faith conduct by the Union. Thus, the evidence is insufficient to establish that Union breached its duty of fair representation in pursuing Plaintiff's grievance.

 Plaintiff also claims that Ethicon breached the collective bargaining agreement by failing to "recall" her to the Heat Treat job group. Plaintiff argues that Ethicon failed to "recall" her but instead replaced her with another employee. Ethicon states that under the collective bargaining agreement, in order to be "recalled" to a job group, there must be an open position. Ethicon states there was no open position in the Heat Treat job group. Additionally, under the collective bargaining agreement, Ethicon can transfer employees from job to job, even temporarily; but an employee is only entitled to "recall" rights to open positions. From the evidence, it is clear that Ethicon did not breach the collective bargaining agreement by temporarily transferring an employee to the Heat Treat job group, nor did Ethicon breach the collective bargaining agreement by failing to "recall" Plaintiff to the Heat Treat job group as there was no open position available.

## IV.

## CONCLUSION

For the reasons previously discussed, Defendants' Joint Motion for Summary Judgment is **GRANTED**.